UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNA AVERY,<br><br>               Plaintiff,<br><br>   v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. C22-1766 MJP<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 4.) Having reviewed the Motion, Defendant's Response (Dkt. No. 8), the Reply (Dkt. No. 10), Defendant's "Supplemental Response" (Dkt. No. 11), and all supporting materials, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

**BACKGROUND**

Plaintiff Dianna Avery has filed suit against her insurer, GEICO Advantage Insurance Company, alleging that it improperly handled her claim for the diminished value of her vehicle. GEICO removed the matter, asserting that the Court has diversity jurisdiction under 28 U.S.C. §

1332, because there is complete diversity and the amount in controversy exceeds $75,000. (Not. of Removal (Dkt. No. 1).) Avery admits there is complete diversity, but challenges GEICO's assertion that the amount in controversy exceeds $75,000.

As Avery notes, the complaint does not establish the full amount in controversy with any specificity. The complaint states that Avery filed a claim with her insurer, GEICO, for $17,365.68 to cover the cost of repairs to her vehicle resulting from a collision caused by an underinsured motorist. (Compl. ¶¶ 5.3-5.7.) GEICO paid this claim. (Id. ¶ 5.7.) Avery also filed a claim with GEICO for the diminished value of her vehicle, which she initially claimed was $7,981.22. (Id. ¶ 5.11.) GEICO refused to pay this sum, offering only $6,000, even after Avery reduced her demand to $7,228.11. (Id. ¶¶ 5.14, 5.17-5.19.) The Parties were unable to resolve the dispute, and Avery filed this lawsuit, alleging claims of: (1) breach of contract, (2) violations of the Consumer Protection Act, (3) bad faith, and (4) violations of the Insurance Fair Conduct Act.

In opposing the motion to remand, GEICO argues that the amount in controversy exceeds $75,000 based on its calculation of damages and fees. GEICO seizes on Avery's pre-suit demand of $17,253.47, which included not just the diminished value, but also various sums related to loss of use, a diminution report fee, noneconomic damages, and other non-specific fees. (See Dkt. No. 1-2 at 82.) GEICO then contends that because Avery has sought treble damages under IFCA and the CPA (which is subject to a $25,000 cap) the amount exceeds $75,000. (See Resp. at 4-6.) GEICO also posits that the general damages for Avery's bad faith will be between $50,000 and $100,000 and that the same range applies to her demand for attorneys' fees. (Id. at 2.) In its "Supplemental Response," GEICO claims that the amount in controversy is at least $200,000 because Avery has transmitted a settlement offer—subject to ER 408—which offers to resolve the dispute for $200,000. (See Supp. Resp. (Dkt. No. 11).)

ORDER GRANTING MOTION TO REMAND - 2

**ANALYSIS**

**A.      Legal Standard**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

**B.      Removal was Improper**

The Court agrees with Avery that the removal was improper because the amount in controversy has not been shown to exceed $75,000.

GEICO has failed to meet its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Chavez, 888 F.3d at 416. The Complaint identifies Avery's highest demand for unpaid diminished value to be $7,981.22. If successful,

Avery's IFCA and CPA claims could entitle her to treble damages, which would total $23,943.66 per claim or $47,887.32 in total. But GEICO has failed to prove by a preponderance that the remaining damages and attorneys' fees would exceed $27,112.68. Counsel for GEICO declares her belief that the attorneys' fees would range between $50,000 and $100,000 and that the bad faith damages would range from $50,000 to $100,000. (See Declaration of Isabella M. Foxen ¶¶ 2-3 (Dkt. No. 9).) But the declaration lacks specificity and substance. Counsel cites her three years of experience and her consultation with other attorneys in her firm who have more experience. But declaration fails to explain why this specific case—one with a very simple fact pattern and what appears to be a minimal dispute in the correct diminished value—would demand significant attorney resources or would call for significant bad faith damages. The declaration also fails to cite to any other specific cases that presented similar facts that might suggest the attorneys' fees and other damages might exceed $27,112.68. Here, the Court must resolve its doubt about the amount in controversy in favor of remanding to state court. See Durham, 445 F.3d at 1252. The Court finds that GEICO has failed to present sufficient evidence that the amount exceeds $75,000.

The Court is also unconvinced by GEICO's argument that it should use Avery's pre-suit demand of $17,253.47 as the base calculation of damages. The pre-suit demand itself included a variety of different kinds of financial demands, including fees, loss of use, and non-economic damages. GEICO has failed to show that these amounts are recoverable or would be subject to treble damages under the CPA or IFCA.

The Court also rejects GEICO's argument that Avery's settlement offer confirms the amount in controversy is at least $200,000. First, GEICO's "Supplemental Response" is an improperly-filed surreply. Surreplies are "strictly limited to addressing the request to strike"

ORDER GRANTING MOTION TO REMAND - 4

portions of a reply, and the moving party must provide notice of intent to file the surreply. Local Rule 7(g). GEICO failed to follow the Local Rules and the Court STRIKES the "Supplemental Response." Second, even if the Court considers the brief, the Supplemental Response fails to provide admissible evidence of the amount in controversy. Federal Rule of Evidence 408 states bluntly that a settlement offer "is not admissible . . . either to prove or disprove the validity or amount of a disputed claim. . . ." Yet GEICO is using the settlement offer to do just that. GEICO suggests that it is providing Avery's settlement demand "to provide substance and context regarding the amount in controversy," not "under ER 408." (Supp. Resp. at 1.) But this makes no sense. The only portion of the settlement demand GEICO presents is the amount demanded, and that amount cannot be considered consistent with Fed. R. Evid. 408. There is no other "substance and context" that the offer conveys that would possibly be relevant without running afoul of Fed. R. Evid. 408. The Court rejects this argument.

The Court finds that GEICO has not demonstrated that the amount in controversy exceeds $75,000 and GRANTS the Motion. The Court REMANDS this matter to King County Superior Court.

C.     **Attorneys' Fees and Costs**

Avery has requested the imposition of fees and costs under 28 U.S.C. § 1447(c). Under § 1447(c), the court may award attorney fees for a remand "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the Court is not convinced that GEICO lacked an objectively reasonable basis to remove this matter. While GEICO has not convinced the Court that the amount in controversy exceeds $75,000, it could have done so had it provide more robust evidence as to general damages and attorneys' fees. On the record before it, the Court cannot conclude that

GEICO lacked an objectively reasonable belief that removal was proper. The Court DENIES the request.

## CONCLUSION

The Court finds that GEICO has failed to show the amount in controversy has been met. The Court GRANTS the Motion to Remand and REMANDS this action to King County Superior Court without the imposition of fees and costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 23, 2023.

Marsha J. Pechman
United States Senior District Judge